UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

DAVID TAYLOR, et al.,

Defendants.
______________________________/

Case Nos. 2:25-cr-20560;
2:26-mc-51025

Honorable Susan K. DeClercq
United States District Judge

**ORDER DENYING MOTION FOR RETURN OF SEIZED PROPERTY (ECF No. 201) AND MOTION TO INTERVENE (ECF No. 1)**

Defendant David Taylor challenges the Government's forfeiture allegations, seeking the return of funds and precious metals outright, or in the alternative, to pay attorney's fees. His church, the Kingdom of God Global Church ("KOGGC"), seeks to intervene and requests the same relief. For the reasons explained below, this Court will deny both motions without prejudice.

## I. BACKGROUND

On July 23, 2025, a grand jury indicted David Taylor on eight counts of forced labor, one count of conspiracy to commit forced labor, and one count of money laundering conspiracy. *See United States v. Taylor*, Case No. 2:25-cr-20560 (E.D. Mich. 2025) (hereafter "*Criminal Case*"), ECF No. 1. The prosecution remains pending, with trial scheduled for April 2027. *See Criminal Case*, ECF No. 243.

In August 2025, the Government obtained multiple search and seizure warrants to seize property related to this criminal proceeding. *See United States v. Taylor*, Case No. 2:25-mc-51526 (E.D. Mich. 2025), ECF No. 3 at PageID.21–22; *see also Criminal Case*, ECF No. 203 at PageID.2596–670 (sealed). All told, Taylor reports that the Government seized approximately $4.2 million from various bank accounts owned by KOGGC, as well as property. *Criminal Case*, ECF No. 201 at PageID.2540; *see also Criminal Case*, ECF No. 5 (listing bank accounts and items subject to forfeiture). Taylor also states that at some point, the Government seized gold from KOGGC. *See Criminal Case*, ECF No. 201 at PageID.2557. That gold was not listed in the forfeiture bill of particulars. *See id.* at PageID.2557 n.2; *see also Criminal Case*, ECF No. 5.

Taylor now asks this Court to release the seized gold and the seized funds in whole or in part, or alternatively, to release $3 million for defense costs. *Criminal Case*, ECF No. 201 at PageID.2535. KOGGC also moves to intervene to seek return of the funds. *See United States v. Taylor*, Case No. 2:26-mc-51025 (E.D. Mich. 2026) (hereafter "*Civil Case*"), ECF No. 1. Both motions are fully briefed. *See Criminal Case* ECF Nos. 233; 241; 277 (Taylor); *Civil Case*, ECF Nos. 3–5 (KOGGC). This Court has determined that oral argument is not necessary on either motion. *See* E.D. Mich. LR 7.1(f)(2).

## II. KOGGC'S MOTION

KOGGC argues that the restraint of funds from its bank accounts violates the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb-1. *See Civil Case*, ECF No. 1 at PageID.15–28. It moves on that ground to intervene and seeks return of the seized funds. *Id.* KOGGC is clear that it does not seek intervention under Civil Rule 24, or status as a third-party petitioner under 21 U.S.C. § 853(n), but rather "seeks only a procedural vehicle through which it may assert its own federal statutory claim: that the [G]overnment's continued restraint of [its] operating accounts substantially burdens [its] religious exercise under RFRA." *Id.* at PageID.1–2. The Government responds that the ongoing criminal proceeding bars an interested third-party from bringing this type of action. *Civil Case*, ECF No. 3, at PageID.40–43. This Court finds that KOGGC's motion is barred by 21 U.S.C. § 853(k), and it will therefore be denied.

### A. Legal Standard

In a criminal case, the Government may provide notice of its intent to seek forfeiture in the indictment. FED. R. CRIM. P. 32.2(a); *see United States v. Hampton*, 732 F.3d 687, 690 (6th Cir. 2013). The Government may also "request the issuance of a warrant authorizing the seizure of property subject to forfeiture . . . in the same manner as provided for a search warrant," which courts grant upon a finding of

probable cause that the property would be subject to forfeiture upon conviction and that a protective order may not be effective. 21 U.S.C. § 853(f).

If a defendant is tried, "[a]s soon as practical after a verdict . . . on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute." FED. R. CRIM. P. 32.2(b)(1)(A). "If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture." FED. R. CRIM. P. 32.2(b)(2)(A). Forfeiture is a mandatory part of the defendant's sentence and becomes final as to the defendant once sentenced. *See* 28 U.S.C. § 2461(c) ("If the defendant is convicted of the offense giving rise to the forfeiture, the court shall order the forfeiture of the property as part of the sentence in the criminal case"); *see also United States v. Monsanto*, 491 U.S. 600, 607 (1989) ("Congress could not have chosen stronger words to express its intent that forfeiture be mandatory in cases where the statute applied."); FED. R. CRIM. P. 32.2(b)(4).

However, sometimes third-parties may have rights to the property circumscribed in the forfeiture order. *See* FED. R. CRIM. P. 32.2(c). Thus, after sentencing and judgment in a criminal forfeiture action, ancillary proceedings begin, in which third-parties can claim that the forfeited assets belong to them, not the defendant. *See United States v. Erpenbeck*, 682 F.3d 472, 480 (6th Cir. 2012); *see also* FED. R. CRIM. P. 32.2(c)(4) ("An ancillary proceeding is not part of

sentencing."). Here, third-parties can file "petition[s] asserting an interest in the property to be forfeited." FED. R. CRIM. P. 32.2(c)(1); *see also* 21 U.S.C. § 853(n)(2). This is the sole avenue through which a third-party may assert its claim. *See id.*, § 853(k).

**B. Discussion**

KOGGC asserts that it is the owner of all seized assets. *Civil Case*, ECF No. 1 at PageID.2. But as a nondefendant at this stage—with assets seized pursuant to a warrant in a criminal case—ownership is precisely the sort of legal interest KOGGC must prove to succeed in an ancillary proceeding. *See* 21 U.S.C. § 853(n). This Court may not decide the disputed ownership now. Therefore, this Court finds that KOGGC's efforts to intervene are barred by § 853.

This Court finds the Sixth Circuit's decision in *Brown* instructive. There, Dorothy Brown sought the return of cash seized from her ex-son-in-law Kenneth Cooper while Cooper was being prosecuted. *Brown v. United States*, 692 F.3d 550, 551 (6th Cir. 2012). The Sixth Circuit affirmed dismissal of Brown's motion because as a third-party, Brown was "expressly barred" from raising her claim by 21 U.S.C. § 853(k)(2). *Id.* at 552 (citation omitted). Rather, Brown's "only avenue for protecting her interest is the procedure set forth in 21 U.S.C. § 853(n), which provides that any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this

section may petition the court for a hearing to adjudicate the validity of her alleged interest in the property." *Id.* (citation modified). Therefore, "[b]ecause Brown brought this suit after the government filed the indictment and bill of particulars in Cooper's criminal case, her suit is barred by § 853(k)(2)." *Id.*

While KOGGC likely has a stronger prima facie claim of ownership than Brown did, given that funds were seized from KOGGC's bank accounts,[1] the outcome is the same. The Government has indicted Taylor and filed a bill of particulars, so the at-issue property is subject to criminal forfeiture. *See* FED. R. CRIM. P. 32.2; ECF Nos. 1; 5; 194. At the conclusion of Taylor's criminal proceeding, an ancillary proceeding may commence, pursuant to 21 U.S.C. § 853(n) and Criminal Rule 32.2(c), at which point KOGGC may assert its ownership interest in the property. *See Brown*, 692 F.3d at 552. Before then, however, KOGGC may not "intervene in [the] trial" to challenge the forfeiture allegations. 21 U.S.C. § 853(k)(1). Therefore, KOGGC's motion must be denied. *See Brown*, 692 F.3d at 552–53.

KOGGC, for its part, argues that its RFRA challenge is "independent of, and distinct from" from the forfeiture proceedings, such that it must be considered now.

---

[1] It does not go unnoticed that KOGGC and Defendant Taylor advance contradictory positions regarding ownership of these same funds, apparently embracing whichever characterization happens to best serve their interest for each motion. *Compare Civil Case*, ECF No. 1 *with Criminal Case*, ECF No. 201 at PageID.2545–47.

*Civil Case*, ECF No. 1 at PageID.10. But this Court finds that KOGGC's claim under RFRA is intertwined with its ownership interests—indeed, it is the ownership interest that gives rise to KOGGC's RFRA claim, for if KOGGC did not own the funds, the seizure would have little impact on KOGGC's operations. Therefore, this Court finds that KOGGC's RFRA claim is properly considered as part of the criminal forfeiture proceedings. *Cf. La Vos Radio de la Communidad v. F.C.C.*, 223 F.3d 313, 318–20 (6th Cir. 2000) (holding that RFRA claim must be raised as part of the procedural process set out by governing rule—in that case, in an administrative proceeding under the Communications Act of 1934).

Even if the express statutory bar did not apply, KOGGC cannot claim an interest in property subject to a warranted seizure. KOGGC does not argue that the seizure warrant lacked probable cause. *See generally Civil Case*, ECF No. 1. Indeed, that warrant alleged that the seized assets were criminal proceeds—and therefore, they are construed as tainted assets. *See Criminal Case*, ECF No. 203 at PageID.2647–65 (sealed); *see United States v. Parrett*, 530 F.3d 422, 429 (6th Cir. 2008) (defining tainted assets subject to forfeiture and reiterating that "pre-trial retention of assets believed to be tainted, and, therefore, forfeitable, is permissible" (quotation marks and citation omitted)). Because these assets are alleged to be tainted, the Government was permitted to seize them under § 853(a). *See Parrett*, 530 F.3d at 429. In turn, KOGGC does not have a right to access the tainted assets

at this juncture. *See, e.g.*, *Monsanto*, 491 U.S. at 613 (noting that "[a]ll right, title, and interest in" tainted assets "vests in the United States upon the commission of the act giving rise to forfeiture," such that tainted funds may not even be released to fund defense counsel) (quoting 21 U.S.C. § 853(c)).

Therefore, KOGGC's Motion to Intervene and Motion for Return of Property, ECF No. 1, will be denied.

## III. TAYLOR'S MOTION

Taylor argues that the Government must return the seized funds and gold for three reasons. First, he argues the Government has not established probable cause that the restrained assets are subject to forfeiture. *Criminal Case*, ECF No. 201 at PageID.2548–65. Second, he argues the restraint violates his due process rights. *Id.* at PageID.2565–67. And third, he argues that the restraint of KOGGC funds violates RFRA. *Id.* at PageID.2568–71. The Government primarily responds that this Court need not consider Taylor's arguments, given that he is not entitled to equitable relief under Rule 41(g) at this juncture. *Criminal Case*, ECF No. 233 at PageID.4167–69. This Court finds that Taylor has an adequate remedy at law—the ordinary forfeiture process—foreclosing his request for equitable relief. And this Court finds that he has not otherwise shown entitlement to use these funds for attorney's fees. Therefore, his motion will be denied.

## A. Legal Standard

Under Criminal Rule 41(g), "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." FED. R. CRIM. P. 41(g). A party may bring a Rule 41(g) motion before an action for civil forfeiture or a criminal indictment is filed; after which, the Sixth Circuit has held that a defendant cannot petition for the return of his property under this rule. *See White Fabricating Co. v. United States*, 903 F.2d 404, 407–08 (6th Cir. 1990); *see also Shaw v. United States*, 891 F.2d 602, 603 (6th Cir. 1989).

Indeed, "Rule 41(g) does not apply to property that is subject to federal forfeiture" because "[t]he proper office of a Rule 41(g) motion is, before any forfeiture proceedings have been initiated, or before any criminal charges have been filed, to see the return of property seized without probable cause, or property held an unreasonable length of time without the institution of proceedings that would justify the seizure and retention of the property." *United States v. Haney*, No. 3:24-CR-113, 2025 WL 4664736, at *42 (E.D. Tenn. Oct. 21, 2025), *report and recommendation adopted*, 2026 WL 206314 (E.D. Tenn. Jan. 27, 2026) (quoting parenthetically *United States v. Sims*, 376 F.3d 705, 708 (7th Cir. 2004) and collecting cases). "This is because Rule 41(g) provides an equitable remedy, which is available only where there is no other legal remedy." *United States v. Contents of Accounts*, No. 3:10-CV-228, 2010 WL 2556849, at *2 n.7 (W.D. Ky. June 18, 2010);

*see also In re Seizure of $100,622.44 in U.S. Currency*, No. 19-mc-51236, 2019 WL 6776031, at *2 (E.D. Mich. Dec. 12, 2019) ("If an adequate remedy at law exists, . . . a movant is not entitled to equitable relief").

**B. Discussion**

*1. Asset Return*

Taylor's motion is plainly procedurally improper. As discussed above, Criminal Rule 41(g) does not apply once a defendant has been indicted. *See, e.g.*, *United States v. Tahir*, No. 15-20351, 2016 WL 641342, at *6 (E.D. Mich. Feb. 18, 2016) ("[W]hen there is either a civil or criminal forfeiture procedure under way, a Rule 41(g) motion is not appropriate."). Rather, Taylor may present claims of entitlement to the seized property during the forfeiture phase of trial.[2] *See* FED. R. CRIM. P. 32.2. That proceeding will provide him an adequate remedy at law for

[2] To the extent that Taylor contends that only money raised by the named victims can be forfeited, ECF No. 201 at PageID.2536-38, it is worth noting that the grand jury has found probable cause that Taylor committed not only forced labor and conspiracy to commit forced labor, but also money laundering: The Second Superseding Indictment alleges that "KOGGC received approximately $50 million in donations since 2014," and that Taylor "used some of these donations to purchase multiple mansions, luxury vehicles, luxury goods, and other items." *Criminal Case*, ECF No. 194 at PageID.2459–60; *see also id.* at PageID.2500; *Criminal Case*, ECF No. 203 at PageID.2647–65 (sealed) Therefore, the grand jury has found probable cause to believe that the seized assets are tainted assets subject to forfeiture, and Taylor may challenge that determination during the forfeiture phase of trial. *See, e.g.*, *United States v. Warren*, 785 F. Supp. 3d 308, 319 (E.D. Tenn. 2025) (declining to exercise jurisdiction over an improper Rule 41(g) motion where an adequate remedy in law exists and where the grand jury has found probable cause that the seized assets are subject to forfeiture).

resolving those claims. *See Brown*, 692 F.3d at 553; *see also United States v. Akers*, 215 F.3d 1089, 1106 (10th Cir. 2000) (noting that "a forfeiture proceeding provides a defendant with an adequate remedy at law for resolving a claim to seized property"). Therefore, Taylor's motion must be denied.

To the extent Taylor argues that RFRA requires the release of his funds, he has not presented this Court with any authority allowing an exemption from these clear procedural bars. In any event, this Court has already determined that RFRA is not a bar to the prosecution itself. *See Criminal Case*, ECF No. 282 at PageID.5215–20. Therefore, this Court determines that any RFRA claim related solely to the seized funds is appropriately considered in the normal course.

For these reasons, this Court will deny Taylor's motion for return of the seized assets.

*2. Attorney's Fees*

In the alternative, Taylor seeks release of $3 million to fund his defense. *See Criminal Case*, ECF No. 201 at PageID.2535. A defendant may exempt certain assets from a freeze or seizure order to pay attorney fees if the assets that the Government seizes are untainted—that is, unrelated to the criminal activity but still forfeitable as substitute assets. *See* 21 U.S.C. § 853(p), (e)(1); *see also United States v. Luis*, 578 U.S. 5, 10 (2016) (holding that "the pretrial restraint of legitimate, untainted assets needed to retain counsel of choice violates the Sixth Amendment").

But if the Government shows that the assets are tainted, courts cannot exempt any for the defendant to use for attorney's fees. *See Monsanto*, 491 U.S. at 614 ((“We conclude that there is no exemption from § 853's forfeiture or pretrial restraining order provisions for assets which a defendant wishes to use to retain an attorney.”).

Here, Taylor has made no effort to argue that $3 million of the seized funds are untainted and therefore suitable to exempt for attorney's fees. Instead, the Government has shown that these are likely tainted assets from Taylor's alleged money laundering. *See generally Criminal Case*, ECF No. 194; *see also Criminal Case*, ECF No. 203 at PageID.2647–65. Therefore, to the extent that Taylor seeks to have $3 million in seized funds released for defense costs, the motion will be denied.

Taylor also briefly argues that he has a due process right to a hearing on this issue. A defendant does have a due process right to a hearing regarding the restraint of funds if he can meet the two-step test set out in *United States v. Jamieson*, 427 F.3d 394, 406 (6th Cir. 2005). The Sixth Circuit has explained that a defendant has a right to such a hearing “only when the defendant can (1) demonstrate to the court's satisfaction that []he has no assets and (2) make a prima facie showing of a bona fide reason to believe the grand jury erred in determining that the restrained assets continue or are derived, directly or indirectly, from gross proceeds traceable to the commission of the offense.” *Id.* (internal quotation marks and citation omitted). Here, Taylor has not made the required showings, because he has provided no

evidence that he has no assets with which to pay his attorney. Although this Court acknowledges that Taylor is presently unemployed, he has submitted nothing in support of his position that he is unable to pay his many attorneys. That is insufficient. *See, e.g.*, *United States v. Bonventre*, 720 F.3d 126, 131 (2d Cir. 2013) (satisfying prong one "requires more than a mere recitation; the defendant must make a sufficient evidentiary showing that there are no sufficient alternative, unrestrained assets to fund counsel of choice"). And as noted above, Taylor has made no effort to meet the second prong of the *Jamieson* test by establishing a prima facie showing that the funds are not tainted assets. Therefore, this Court will deny Taylor's request for a hearing without prejudice.

At bottom, Taylor's challenges to the forfeiture allegations can proceed in the ordinary course and he has not made adequate arguments about entitlement to the seized funds for attorney's fees. Therefore, Taylor's motion will be denied.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Defendant Taylor's Motion for Return of Seized Property, ECF No. 201 (Case No. 2:25-cr-20560), is **DENIED**.

It is further **ORDERED** that KOGGC's Motion to Intervene and Motion for Return of Assets, ECF No. 1 (Case No. 2:26-mc-51025), is **DENIED**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: November 18, 2026